UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**NIDA M. EASTER**     **CIVIL ACTION NO. 14-0967**

**VERSUS**     **JUDGE ELIZABETH ERNY FOOTE**

**CHARLIE CALDWELL, ET AL.**     **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

Before the Court are Motions for Entry of Final Judgment submitted by Shreveport City Marshal Charlie Caldwell, Jr. ("Marshal Caldwell") [Record Document 29], Caddo Sheriff Steve Prator ("Sheriff Prator") [Record Document 31], and Shreveport Police Chief Willie Shaw ("Chief Shaw") [Record Documents 34]. The Plaintiff, Nida M. Easter ("Easter"), filed this suit against named Defendants, as well as Shreveport Clerk of Court Robert Shemwell and former Shreveport Mayor Cedric Glover, alleging that their roles in her purportedly unlawful arrest violated 42 U.S.C. § 1983 and Louisiana tort law. [Record Document 1]. The Court has dismissed Easter's claims against Marshal Caldwell, Sheriff Prator, Chief Shaw, and Robert Shemwell. [Record Document 26, 37]. After consideration of the foregoing, the Court hereby **GRANTS** Chief Shaw's Motion for Entry of Final Judgment but **DENIES** the motions filed by Marshal Caldwell and Sheriff Prator.

I.     **Background**

The parties and the Court are well-versed in the alleged facts of this case. Easter alleges that on the night of Friday, May 10, 2013, Caddo Parish Sheriff's deputies arrested her pursuant to a bench warrant originating from Shreveport City Court. Record Document 1, pp. 2-6. She alleges that she remained in custody until the morning of Sunday, May 12, when she was released on bond. As later events unfolded, Easter apparently learned that before her arrest, Shreveport City Court had recalled the warrant on which the Caddo deputies had relied in arresting Easter. Id. at pp. 6-7.

Based on these events, Easter sought federal and state relief from five Defendants, each in his official capacity: Chief Shaw; Marshal Caldwell; Sheriff Steve Prator; Robert Shemwell, Clerk of Court for Shreveport City Court; and Cedric Glover, Mayor of the City of Shreveport.[1] Id. at pp. 1-2, 10. Upon motion, the Court dismissed Easter's claims against Chief Shaw, Marshal Caldwell, and Sheriff Prator. Record Document 26, p. 1. Because a police chief and a mayor in their official capacities represent the same municipal defendant, the Court dismissed the claims against Chief Shaw as redundant of those against Mayor Glover. Id. at pp. 3-4. The Court dismissed the claims against Sheriff Prator and Marshal Caldwell pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Based on their dismissals, Chief Shaw, Marshal Caldwell, and Sheriff Prator respectively move the

---

[1] Subsequent to the filing of this lawsuit, the Court substituted the present mayor of Shreveport, Ollie Tyler, for Cedric Glover pursuant to Fed. R. Civ. P. 25(d). [Record Document 25].

[2] The Court also dismissed the claims against Robert Shemwell pursuant to Federal Rule of Civil Procedure 12(c). Record Document 37.

Court to enter final judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b). Record Documents 29, 31, and 34. Easter does not contest the motions before the Court. Record Document 33, 36.

## II. Discussion

### A. Rule 54(b)

Where there are multiple claims or parties to a suit, Rule 54(b) permits a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Determining whether there is a just reason for delaying entry of final judgment requires the court to weigh judicial administrative interests, on the one hand, and equity to the parties, on the other hand. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).[3] In evaluating the interests of sound judicial administration, courts should consider whether the claims under review are separable from the others remaining to be adjudicated and, more importantly, whether granting final judgment on the claims at issue would create the possibility of an appellate court having to decide the same issues in the case more than once. Id.; see also PYCA Indus., Inc. v. Harrison Cty. Waste Mgmt., 81 F.3d 1412, 1421

---

[3] Before determining whether there is a just reason for delay, a court must ensure that the ruling before it qualifies as a final judgment. See Curtiss-Wright, 446 U.S. at 7. It must be final in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action" and a judgment in the sense that it is a "decision upon a cognizable claim for relief." Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Those requirements are easily met here because the rulings at issue dismiss all claims against Marshal Caldwell, Sheriff Prator, and Chief Shaw, respectively.

(5th Cir. 1996) ("One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."). The concern for avoiding piecemeal appeals, however, is not dispositive and does not prevent a district court from properly granting final judgment on a claim where similar claims stemming from the same facts remain before it. See Curtiss-Wright, 446 U.S. at 8 n.2; H & W Indus., Inc. v. Formosa Plastics Corp., USA, 860 F.2d 172, 175 (5th Cir. 1988) (holding that a district court's decision to enter final judgment on its dismissal of a plaintiff's claim under section 1 of the Sherman Act was within its discretion even though the plaintiff's claim under section 7 of the Clayton Act for the same conduct remained before it). Indeed, where appellate resolution of some claims would also answer questions affecting similar claims that remain before the district court, granting Rule 54(b) final judgment may enhance judicial efficiency because appellate reversal would no longer require the district court to retry the remaining claims. See Brown v. Miss. Valley State Univ., 331 F.3d 328, 332 (5th Cir. 2002); Looney Ricks Kiss Architects, Inc. v. Bryan, No. CIV.A. 07-572, 2011 WL 52470, at *1 (W.D. La. Jan. 6, 2011) ("[A]llowing the matter to proceed to trial without resolving the question of insurance coverage could lead to substantial judicial inefficiency if the Court were forced to retry the action.").

Once a court is satisfied that entry of final judgment will not harm efficient judicial administration, it has considerable discretion in evaluating whether delay creates hardship for a party. See Curtiss-Wright, 446 U.S. at 2, 10-11 ("[B]ecause the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow."). Nonetheless, in the Fifth Circuit, Rule 54(b) final judgment is

disfavored, and the burden upon a party seeking final judgment under Rule 54(b) is substantial: "A district court should grant [Rule 54(b) final judgment] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." PYCA Indus., Inc., 81 F.3d at 1421 (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985)); Looney Ricks, 2011 WL 52470, at *1 (citing Id.). Hardship is recognized, for instance, when the ruling at issue awarded substantial damages to the party moving for Rule 54(b) final judgment yet resolution on the remaining issues in the case was months, perhaps even years, away. See Curtis-Wright, 446 U.S. at 11-12.

    B.    Easter's Claims against Chief Shaw

Chief Shaw asks the Court to enter final judgment on the Court's prior Memorandum Ruling that dismissed all claims against him as redundant of the claims against Mayor Ollie Tyler. Citing another provision of Rule 54(b) that permits the Court to revise its Memorandum Ruling at any point before final judgment, Chief Shaw argues that entering final judgment in his favor would allow him to avoid the expense of monitoring this suit as it progresses. Chief Shaw does not address the effect that final judgment could have on the administration of justice.

Because the Court cannot envision final judgment on Chief Shaw's dismissal causing any potential for duplicative appeals or otherwise interfering with the sound administration of justice, Chief Shaw is entitled to final judgment in his favor. The reason for Chief Shaw's dismissal–that the claims against him are redundant of the claims against another party–is unique to Chief Shaw. No other similar claims are before the Court, and the

circumstances of this case do not present an opportunity for a similar issue to arise at a later junction.  Thus, if the Court were to enter final judgment on Chief Shaw's claims, "no appellate court would have to decide the same issues more than once . . . if there were subsequent appeals."  Curtiss-Wright, 446 U.S. at 8.  Also, though the expense of monitoring a lawsuit may be a relatively modest hardship, it is sufficient to allay any concern that the Court is granting final judgment merely as "a courtesy to counsel."  See PYCA Indus., Inc., 81 F.3d at 1421 (citation omitted).  The Court therefore **GRANTS** Chief Shaw's Motion for Entry of Final Judgment in his favor.

    C.    <u>Easter's Claims against Marshal Caldwell and Sheriff Prator</u>

Marshal Caldwell and Sheriff Prator ask the Court to enter final judgment on the Court's prior Memorandum Ruling that dismissed all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  Like Chief Shaw, Marshal Caldwell and Sheriff Prator argue that monitoring the progress of this suit is a needless burden and decline to address what effect, if any, that final judgment on their claims would have on the sound administration of justice.

Because granting final judgment in their favor would create the potential for duplicative appellate review, Marshal Caldwell and Sheriff Prator are not entitled to Rule 54(b) judgment.  The reason this Court dismissed Easter's claims against Marshal Caldwell and Sheriff Prator–failure to state a claim that is entitled to relief–is not unique to these Defendants.  The Court dismissed Easter's claims against Shreveport Clerk of Court Robert Shemwell for the same reason under Federal Rule of Civil Procedure 12(c).  More important, Rule 12(c) permits the remaining Defendant in this case, Mayor Ollie Tyler, to

seek judgment on the pleadings well into the advanced stages of this litigation. See Gen. Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1123, 1131 (6th Cir. 1990) (holding that a Rule 12(c) motion for judgment on the pleadings filed two days before trial was not untimely); 5C Charles Allen Wright et al, Federal Practice and Procedure § 1367 (3d ed. 2015) ("Generally, a Rule 12(c) motion is considered timely if it is made early enough not to delay trial or cause prejudice to the non-movant. . . . However, if it seems clear that the motion may effectively dispose of the case on the pleadings, the district court should permit it regardless of any possible delay consideration of the motion may cause."). The potential therefore exists for the Fifth Circuit to twice hear an appeal of whether Easter has stated claims that are entitled to relief. See Curtiss-Wright, 446 U.S. at 8. And unlike the advantages of early appellate resolution found in Brown and Looney Ricks, reversal of the Court's 12(b)(6) ruling in favor Marshal Caldwell and Sheriff Prator subsequent to the Court's adjudication of the claims against Mayor Ollie Tyler would have no bearing on the disposition of the claims against Mayor Tyler. See Brown, 331 F.3d at 332; Looney Ricks, 2011 WL 52470, at *1. There is thus no danger that declining to enter final judgment in Marshal Caldwell's and Sheriff Prator's favor would require the Court to retry any other claims in this suit. Finally, while the risk of creating multiple appeals of the same issue is not dispositive to a Rule 54(b) determination, Marshal Caldwell and Sheriff Prator have not presented a sufficiently compelling hardship to offset this concern. The Court therefore **DENIES** Marshal Caldwell's and Sheriff Prator's Motions for Entry of Final Judgment.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Entry of Final Judgment submitted by Shreveport Police Chief Willie Shaw [Record Document 34] is hereby **GRANTED**. A judgment consistent with this Memorandum Ruling shall issue herewith.

IT IS FURTHER ORDERED that the Motions for Entry of Final Judgment submitted by Shreveport City Marshal Charlie Caldwell, Jr., and Caddo Sheriff Steve Prator [Record Documents 29, 31] are hereby **DENIED**.

**THUS DONE AND SIGNED** on this 27th day of October, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE